IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:08-CV-152-FDW-CH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

TAVERNA 100, LLC,

    Defendant.

**CONSENT DECREE**

    The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Taverna 100, LLC ("Defendant") subjected Jennifer Hill ("Hill") to a sexually hostile work environment in violation of Title VII.

    The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

    The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

    It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; (3) Defendant does not acknowledge or admit any fault or liability by entry of this Consent Decree; and (4) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

C-1094545v5 16889.00016

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII of the Civil Rights Act of 1964.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Jennifer Hill the sum of thirty thousand dollars ($30,000) dollars in settlement of the claims raised in this action (the "Settlement Payment"). Defendant shall make the Settlement Payment by issuing checks payable to Hill in three equal payments of ten thousand dollars ($10,000). The first payment shall be made within fifteen (15) days after the Court approves this Consent Decree. The second payment shall be made within six (6) months after the Court approves this Consent Decree. The third payment shall be made within twelve (12) months after the Court approves this Consent Decree. Defendant shall mail the checks to Jennifer Hill at an address provided by the Commission. Within ten (10) days after each check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC 28202, a copy of the check and proof of its delivery to Hill. Defendant agrees to provide a personal guaranty regarding the settlement payment, which shall be incorporated herein for all purposes. The parties agree that the enforcement of the personal guaranty shall be subject to this Court's jurisdiction in the same manner as this Consent Decree.

4. Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from the employment records of Jennifer Hill any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2007-00760 and the related events that occurred thereafter. Within fifteen

(15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant agrees to provide Hill a neutral letter of reference, stating her dates of employment, job position(s) held and final rate of pay. Defendant shall indicate in the letter that the information contained therein is the "standard information provided by Taverna concerning past employees." In addition, if Defendant receives any reference inquiries from prospective employers regarding the employment of Hill, in lieu of an oral response, Defendant shall provide a copy of the aforementioned letter provided Hill directs all such prospective employers to contact Pierre Bader at (704)507-7373.

6. Defendant does not currently conduct business as a restaurant within the United States or within any foreign jurisdiction. If Defendant resumes operation of a business subject to Title VII jurisdiction within the United States or within any foreign jurisdiction during the two year term of this Decree, Defendant agrees to provide the following, described in paragraphs 7 through 9 below.

7. After resuming business operations in any state within the United States or within any foreign jurisdiction, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against any covered discrimination in the workplace. Each training program may be given live or by video replay.

The first training program shall be completed within one hundred (100) days after Defendant has resumed business operations in any state within the United States or within any foreign jurisdiction. Any subsequent training program required shall be conducted at

approximately one year intervals for two years following the entry of the Consent Decree. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of the training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Within thirty (30) days after resuming business operations in any state within the United States or within any foreign jurisdiction and continuing throughout the two year term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) days of posting the Employee Notice, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. After resuming business operations in any state within the United States or within any foreign jurisdiction and continuing through the two year term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after Defendant resumes business operations. The reports will include the following information:

    A. the identity of each individual who has reported or complained (pursuant to Defendant's written employment policies, or to any Defendant manager, supervisor, partner, owner, or state or federal civil rights office) of sex-based conduct, sexual harassment, discrimination based on sex or a hostile work environment based on sex, including by way of identification each person's name, position, and job title; and

    B. for each individual identified in 9.A. above, provide a detailed description of the individual's complaint and what action, if any, Defendant took in response to the complaint.

C-1094545v5 16889.00016

4

Case 3:08-cv-00152-FDW-CH   Document 10   Filed 10/15/08   Page 4 of 7

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a negative report indicating no activity.

3. Defendant agrees that the Commission may, upon at least five (5) business days prior notice to Defendant, review compliance with this Decree continuing throughout the two year term of this Consent Decree. As part of such review, the Commission may inspect Defendant's facility, interview non-management employees, interview management employees in the presence of Defendant's counsel or corporate representative, and examine and copy relevant documents. Defendant agrees that the Commission shall be permitted to review compliance with paragraph 8 herein with no prior notice to Defendant.

4. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have fifteen (15) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fifteen (15) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

5. The term of this Decree shall be for two (2) years from its entry by the Court.

6. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC 28202.

7. Each party shall bear its own costs and attorney fees.

8. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: October 15, 2008

*[Signature]*

Frank D. Whitney
United States District Judge

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE TO TAVERNA 100 EMPLOYEES

1.      This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Taverna 100, LLC in a case of discrimination based on sex. Specifically, the EEOC alleged that Taverna 100, LLC subjected Jennifer Hill to a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Taverna 100, LLC denies the allegations and denies any liability in the case. As part of the settlement, Taverna 100, LLC agreed to make a monetary payment and to take other action set out in the Consent Decree resolving this matter.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits sex discrimination.

3.      Taverna 100, LLC will comply with such federal laws in all respects. Furthermore, Taverna 100, LLC will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

>   Equal Employment Opportunity Commission
>   1801 L Street, N.W.
>   Washington, DC  20507
>   TEL:  1-800-669-4000
>   TTY:  1-800-669-6820
>   website: www.eeoc.gov

This Notice will remain posted for at least two (2) years after entry of the Consent Decree with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2010.

**EXHIBIT A**

C-1094545v5 16889.00016                                                   7
Case 3:08-cv-00152-FDW-CH   Document 10   Filed 10/15/08   Page 7 of 7